UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELVINA CAMUS, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILD, AC | CIVIL ACTION NO.: <br><br> JUDGE |
| Plaintiffs, | MAGISTRATE |
| -vs- | |
| UNITED STATES POSTAL SERVICE AND CATHY CAE | |
| Defendants, | |

**COMPLAINT**

**NOW INTO COURT**, by and through undersigned counsel, comes plaintiff, Elvina Camus, individually, and on behalf of her minor child, AC, a person of the full age of majority, and resident of St. Charles Parish, Louisiana, who respectfully avers the following, to wit:

I.

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this action for damages since it results from the negligence or wrongful conduct of a government employee and must be brought pursuant to 28 U.S.C. §1346(b) and under the Federal Tort Claims Act, 28 U.S.C. § 2671-80.

2.  The United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. 39 U.S.C. 409.

3. An action under the Federal Tort Claims Act can be instituted once an administrative claim is denied, either actually, or constructively, by the agency's failure to act upon the claim within six months. Federal Tort Claims Act, 28 U.S.C. § 2675(a).

4. Venue is proper under 28 U.S.C. §1391, because the events or omissions giving rise to the claims alleged herein occurred in this district and because the Defendant is located in this district.

II

Made Defendants herein are:

1. United States Postal Service, a governmental entity which can sue and be sued in federal court by operation of a waiver to the United States' sovereign immunity by virtue of the Federal Tort Claims Act.

2. Cathy Cae, a person of the full age of majority and a resident of and domiciled in St. Charles Parish, Louisiana.

III.

**STATEMENT OF CLAIM**

On April 17, 2020, claimant, Elvina Camus, was lawfully operating her 2017 Chevrolet Traverse, traveling in the left lane heading east on E. Airline Highway in St. John the Baptist Parish, Louisiana.

At the same time and place, Cathy Cae, while in the course and scope of her employment with the United States Postal Service, and operating a 1990 Grumman LLV-A owned by the United States Postal Service, exited a private driveway, crossed over the

shoulder and right lane of E. Airline Highway, and into the left lane of E. Airline Highway, and crashed into the front right passenger side of Claimant's vehicle.

Cathy Cae was cited at the scene of the accident by Deputy Jose Portillo of the St. John the Baptist Sheriff's Department for violating La. R.S. 32:58; careless operation of a motor vehicle. Claimant, Elvina Camus, sustained property damage to her 2017 Chevrolet Traverese, and personal injuries as discussed below. AC sustained personal injuries as discussed below.

IV.

Claimant avers that the proximate cause of the aforementioned accident, and the resulting personal injuries sustained by petitioner, was the negligence of defendant, Cathy Cae, in the following non-exclusive particulars:

    a.    Failure to see what she should have seen;

    b.    Failure to maintain a proper lookout;

    c.    Careless operation of a motor vehicle;

    d.    Reckless operation of a motor vehicle;

    e.    Improper lane usage;

    f.    Failure to use reasonable vigilance;

    g.    Failure to take appropriate evasive measures to avoid the accident, and

    h.    Any and all acts of negligence and liability which may be discovered during the course of these proceedings or proved at the trial of this matter.

All of the above acts of negligence are in violation of the laws of the State of Louisiana and the applicable Parish Ordinances which are pleaded herein as if copied *in extenso*.

V.

At all times relevant hereto, defendant, Cathy Cae, was in the course and scope of her employment with the United States Postal Service, and was operating a vehicle owned by the United States Postal Service. Therefore the United States Postal Service is vicariously liable for the actions, omissions and liability asserted herein.

VI.

Additionally, the accident was the fault and/or negligence attributable to the defendant, United States Postal Service, and its agents and employees through the doctrine of *respondeat superior* in the following non-exclusive respects:

a. failing to have a competent delivery driver;

b. failing to properly supervise its operations ongoing at the time of the incident;

c. failing to provide competent delivery operators appropriate to the responsibility undertaken by the United States Postal Service;

d. failing to train and supervise its drivers; and,

e. any other culpable acts and/or omissions which may be shown at trial.

VII.

As a result of the above and foregoing negligent acts and/or omissions and liability, plaintiff, Elvina Camus, suffered physical and mental injuries and seeks monetary damages for the following:

a. Past and future loss of wages and benefits;

b. Past and future physical pain and suffering;

c. Past and future mental and emotional pain and suffering;

d. Past and future medical expenses;

    e.      Loss of enjoyment of life;

    f.      Permanent disfigurement and/or scarring;

    g.      Property damage;

    h.      Additional damages to be shown at the trial of this action.

VIII.

As a result of the above and foregoing negligent acts and/or omissions and liability, plaintiff, AC, suffered physical and mental injuries and seeks monetary damages for the following:

    a.      Past and future physical pain and suffering;

    b.      Past and future mental and emotional pain and suffering;

    c.      Past and future medical expenses;

    d.      Loss of enjoyment of life;

    e.      Permanent disfigurement and/or scarring;

    f.      Additional damages to be shown at the trial of this action.

IX.

Plaintiff, Elvina Camus submitted claims in accordance with administrative remedy procedure on April 8, 2021. The matters were assigned claim numbers NTC202127786 and NTC202127787. Plaintiffs have provided medical records and bills to the assigned United States Postal Service claims handler, Brittany Lindsay. Plaintiff's claims have been constructively denied by the agency's failure to act upon the claim within six months. Federal Tort Claims Act, 28 U.S.C. § 2675(a).

X.

Plaintiff was not at fault in causing this incident or the resulting damages.

XI.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff, Elvina Camus, individually, and on behalf of her minor child, AC, prays for judgement herein and against defendants, United States Postal Service and Cathy Cae, and that defendants be duly cited and served with a copy of this Complaint, that they be cited to appear and answer same within the delays allowed by law, and that after due proceedings, that there be judgment rendered herein in favor of plaintiff, Elvina Camus, individually, and on behalf of her minor child, AC, and against defendants herein, United States Postal Service and Cathy Cae, in the total sum for Elvina Camus, individually, of ONE MILLION TWO HUNDRED THOUSAND ($1,200,000.00) DOLLARS, and in the total sum for Elvina Camus, on behalf of her minor child of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS, plus interest from the date of incident until paid, all costs of these proceedings, and for all other general and equitable relief.

    Respectfully submitted,

    LEONARD J. CLINE, PLC

    /s/ *Clinton G. Mead*
    LEONARD J. CLINE #04201
    LIONEL J. FAVRET, III #22712
    CLINTON G. MEAD #35244
    3021 35th Street, Suite A
    Metairie, LA 70001
    (504) 838-8254
    (504) 838-9146 (Facsimile)
    lenny@clinelawoffice.com
    clint@clinelawoffice.com
    *Counsel for Plaintiff*